FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 02, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:26-cr-00064-TOR-1 |
| vs. | ) | |
| Lorie Sue Nelson | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Received Rule 5 papers from the United States District Court, District of Montana.

# U.S. District Court
## District of Montana (Missoula)
## CRIMINAL DOCKET FOR CASE #: 9:26−mj−00091−KLD All Defendants
### *Internal Use Only*

| | |
|---|---|
| Case title: USA v. Nelson | Date Filed: 06/30/2026 |
| Plea Filings | Sentencing Filings |
| | Date Terminated: 07/02/2026 |

Assigned to: Magistrate Judge
Kathleen L. DeSoto

**Defendant (1)**

| | | |
|---|---|---|
| **Lorie Sue Nelson** | represented by | **Michael Donahoe** |
| *TERMINATED: 07/02/2026* | | FEDERAL DEFENDERS OF MONTANA – HELENA |
| | | 50 West 14th Street, Suite 300 |
| | | Helena, MT 59601−3332 |
| | | 406−449−8381 |
| | | Fax: 406−449−5651 |
| | | Email: michael_donahoe@fd.org |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Public Defender or Community Defender Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18 USC 113(a)(7), 1152 Assault Resulting in Substantial Bodily Injury to a Child Under Age 16 in Indian Country | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Jennifer S. Clark** |
| | | DOJ−USAO |
| | | 101 E. Front Street, Suite 401 |
| | | Missoula, MT 59802 |
| | | 406−329−4265 |
| | | Email: jennifer.clark2@usdoj.gov |
| | | *LEAD ATTORNEY* |

*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/02/2026 | | (Court only) ***Terminated defendant Lorie Sue Nelson, pending deadlines, and motions. (APP) (Entered: 07/02/2026) |
| 07/02/2026 | 9 | RULE 5 NOTIFICATION from District of Montana to Eastern District of Washington as to Lorie Sue Nelson Your case number 2:26–CR–64–TOR. Using your PACER account, you may retrieve the docket sheet and any unrestricted documents and text only entries via the case number link. If you require a financial ledger please e–mail MTD_Restitution@mtd.uscourts.gov. (If you require certified copies of any documents or need to request restricted documents, please send a request to InterDistrictTransfer_MTD@mtd.uscourts.gov. If you wish to designate a different email address for future transfers, send your request to InterDistrictTransfer_TXND@txnd.uscourts.gov.) (APP) Our file was also emailed to M. Orosco. (Entered: 07/02/2026) |
| 06/30/2026 | 8 | ORDER To Appear In District Where Charges Are Pending as to Lorie Sue Nelson. Signed by Magistrate Judge Kathleen L. DeSoto on 6/30/2026. (APP) (Entered: 07/01/2026) |
| 06/30/2026 | 7 | WAIVER of Rule 5(c)(3) Hearing by Lorie Sue Nelson (APP) (Entered: 07/01/2026) |
| 06/30/2026 | 6 | ORDER Setting Conditions of Release as to Lorie Sue Nelson. Signed by Magistrate Judge Kathleen L. DeSoto on 6/30/2026. (APP) (Entered: 07/01/2026) |
| 06/30/2026 | 5 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER Michael Donahoe as to Lorie Sue Nelson. Reimbursement information: Defendant is not required to reimburse the Court. Signed by Magistrate Judge Kathleen L. DeSoto on 6/30/2026. (APP) (Entered: 07/01/2026) |
| 06/30/2026 | 4 | CJA 23 Financial Affidavit by Lorie Sue Nelson (APP) (Entered: 07/01/2026) |
| 06/30/2026 | 3 | TEXT ORDER as to Lorie Sue Nelson. Under Criminal Rule 5(f), the government is ordered to comply with its disclosure obligations under *Brady v. Maryland* and related cases as set forth in the attachment to this Order. Failure to do so may result in sanctions. Signed by Magistrate Judge Kathleen L. DeSoto on 6/30/2026. (APP) (Entered: 06/30/2026) |
| 06/30/2026 | 2 | MINUTE ENTRY for proceedings held before Magistrate Judge Kathleen L. DeSoto: Initial Appearance in Rule 5(c)(3) Proceedings and Detention Hearing as to Lorie Sue Nelson held on 6/30/2026. AUSA Jen Clark appeared for the govt, FD Michael Donahoe appeared w/ in custody defendant; Indictment/Warrant filed out of WA w/ defendant having reviewed it w/ her attorney and understanding the same; Advised of rights; Govt seeks detention; Defendant requests detention hrg be held in Montana; Both sides proffered; Defendant will be released on conds; Conditions reviewed with defendant signing the same; To appear in Spokane on 7/9/26 at 1:30 p.m.; Govt advised of the Brady Order; Defendant released; Hearing commenced at 1:44 p.m. and concluded at 2:10 p.m. FTR CERTIFICATION: A clear and complete recording of this proceeding exists as to Lorie Sue Nelson. (Court Reporter FTR Gold) (Hearing held in Missoula) (APP) (Entered: 06/30/2026) |
| 06/30/2026 | | Set Hearings as to Lorie Sue Nelson. Initial Appearance – Rule 5 set for 6/30/2026 at 01:30 PM in Missoula, MT before Magistrate Judge Kathleen L. DeSoto. (APP) (Entered: 06/30/2026) |
| 06/30/2026 | | Arrest (Rule 5) of Lorie Sue Nelson (APP) (Entered: 06/30/2026) |
| 06/30/2026 | 1 | Rule 5 Documents Received for Defendant From Another District Arrested in Montana as to Lorie Sue Nelson (APP) (Entered: 06/30/2026) |

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
for the
District of Montana

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. MJ-26-91-M-KLD |
| | ) | |
| Lorie Sue Nelson | ) | Charging District:   Eastern District of Washington |
| *Defendant* | ) | Charging District's Case No.  2:26-CR-64-TOR |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges.  If the time to appear in that court has not yet been set, the defendant must appear when notified to do so.  Otherwise, the time and place to appear in that court are:

| Place: Thomas Foley Courthouse<br>920 W. Riverside<br>Spokane, WA 99201 | Courtroom No.:  Judge Goeke Ctrm 740 |
|---|---|
| | Date and Time: 7/9/2026 1:30 pm |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date:      06/30/2026

_____
*Judge's signature*

Kathleen L. DeSoto, U.S. Magistrate Judge
*Printed name and title*

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
District of Montana

| | |
|---|---|
| United States of America<br>v.<br><br>_____Lorie Sue Nelson._____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.   MJ 26-91-M-KLD

Charging District's Case No.    2:26-CR-64-TOR

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* _____
_____United States District Court for the Eastern District of Washington_____ .

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)    a hearing on any motion by the government for detention;

(6)    request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐    an identity hearing and production of the warrant.

☐    a preliminary hearing.

☐    a detention hearing.

☐    an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district.  I request that my
    ☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:    06/30/2026

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Michael Donahoe
_____
*Printed name of defendant's attorney*

# United States District Court

## DISTRICT OF MONTANA

UNITED STATES OF AMERICA
### V.

Lori Sue Nelson

## ORDER SETTING
## CONDITIONS OF RELEASE

Case No.:    9:26-mj-00091

IT IS SO ORDERED that the release of the defendant is subject to the following conditions:

(1)    Defendant must not commit any offense in violation of federal, state, local or tribal law while on release in this case.

(2)    Defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C § 14135a

(3)    Defendant must advise the court or the pretrial services officer in writing before making any change of residence or telephone number.

(4)    Defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must next appear at

| | PLACE |
|---|---|

on

| | DATE AND TIME |
|---|---|

(5)    Defendant must sign an Appearance Bond, if ordered.

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

(1)   [a] Defendant must submit to **supervision** by, and report to, Pretrial Services, no later than immediately following today's court proceedings and thereafter at such times and in such manner as designated by the Officer.

(2)   [d] Defendant must surrender to the Pretrial Services Officer any **passport and/or passport card** or other international travel document.

(3)   [e] Defendant must not obtain a **passport, passport card,** or other international travel document.

(4)   [f] Except upon prior approval by the Pretrial Services Officer, the Defendant's **travel** is restricted to the District of Montana.

(5)   [g] Defendant shall not have contact with or harass, threaten, intimidate, tamper with, improperly influence, or injure the person or property of **witnesses, coconspirators, jurors, informants, victims** of crime, judicial officers, or other persons related to official proceedings before the Court, in violation of 18 U.S.C. § 1503, 1512, and 1513.

(6)   [k] Defendant must not possess a **firearm**, destructive device, or other weapon.

(7)   [l] Defendant must not (X) use **alcohol** or () not use **alcohol** to excess.

(8)   [m] Defendant must not use or unlawfully possess a narcotic drug or other **controlled substances** defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(9)   [n] Defendant must submit to substance abuse **testing** to include not more than 180 urinalysis tests, not more than 180 breathalyzer tests, and not more than 36 sweat patch applications annually.   Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and any form of prohibited substance screening or testing.   Defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. Defendant shall pay all costs associated with the program, unless the Pretrial Services Officer determines Defendant is financially unable to pay.

(10)   [o] Defendant must participate in substance abuse treatment or alcohol abuse treatment program, which may include inpatient treatment, and follow the rules and regulations of that program. The Pretrial Services Officer will obtain the authorization of the Court before requiring residential or inpatient treatment pursuant to this condition. The Pretrial Services Officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The program may include urinalysis testing to determine if you have used drugs or alcohol. Defendant must not attempt to obstruct or tamper with the testing methods. Defendant must pay part or all of the costs of this treatment as directed by the Pretrial Services Officer.

(11)   Defendant must not be in the presence of individuals using controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner, to include methamphetamine, heroin, marijuana, and PCP.

(12) Defendant must participate in a program of **mental health treatment and/or evaluation**, therapy and counseling.

(13) Defendant must maintain contact with their attorney.

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor.   This sentence will be in addition to any other sentence.

Federal law makes it a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation.   It is a crime punishable by up to ten years of imprisonment and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness. victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court.   The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.   If you are convicted of:

(1)    an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2)    an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)    any other felony, you will be fined not more than $250,000 or imprisoned not more than two years, or both.

(4)    a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender must be in addition to the sentence for any other offense.   In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.   I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed.   I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
City and State

### Directions to the United States Marshal

(    )  The defendant is ORDERED released after processing.

(    )  The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release.   The defendant must be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: _____        _____
Signature of Judicial Officer
Kathleen L. DeSoto, U.S. Magistrate
Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | MJ 26-91-M-KLD |
| Plaintiff, | ORDER APPOINTING COUNSEL: FEDERAL DEFENDERS OF MONTANA |
| vs. | Michael Donahoe |
| LORIE SUE NELSON, | |
| Defendant. | |

Upon consideration of the completed CJA 23 Form submitted by the above-named Defendant, and having determined that the Defendant is financially unable to obtain counsel;

IT IS HEREBY ORDERED that MICHAEL DONAHOE and the FEDERAL DEFENDERS OF MONTANA, INC., be appointed to represent the Defendant at the initial appearance only.

IT IS FURTHER ORDERED that the Defendant shall pay the sum of _____0_____ DOLLARS ($_____) per month to the Clerk of Court for defense costs in this matter, pursuant to 18 U.S.C. § 3006A(f). The first payment of $_____ shall be made on or before _____, and each subsequent payment shall be made on or before the _____ day of each month,

1

during the pendency of this case.  If, during the pendency of this matter, the Defendant's financial condition changes, the Defendant may petition the Court for a reduction in the defense costs in this matter.

Also pursuant to 18 U.S.C. § 3006, if investigation reveals that the Defendant owns or has control over assets not disclosed herein, the Defendant will be required to reimburse the United States for all or part of the defense costs expended in his behalf.

DONE and DATED this 30th day of June, 2026.

KATHLEEN L. DESOTO
United States Magistrate Judge

2

DUE PROCESS PROTECTION ACT REQUIREMENTS

Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900,913 n.14 (9th Cir. 2009). Accordingly, the court orders the government to produce to the defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.

If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include in camera review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the government's obligations under Brady include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under Brady, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment."' *Turner v. United States, 137 S. Ct. 1885, 1888 (2017), quoting Smith v. Cain, 565 U.S. 73, 75 (2012).*



OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
For The District of Montana

Tyler P. Gilman
Clerk of Court

Julie Hollenbeck
Chief Deputy

July 2, 2026

Clerk, U.S. District Court
c/o of Melissa Orosco
Eastern District of Washington
Click or tap here to enter text.

Re:     District of Montana Case No. MJ-26-91-M-KLD
        USA vs Lori Sue Nelson
        Your Case No. 2:26-CR-64-TOR

Dear Sir/Madam:

The above-entitled case has been transferred back to your district. Lori Sue Nelson appeared in our district on June 30, 2026.

Lori Sue Nelson was released and was ordered to report to the Eastern District of Washington on July 9, 2026 at 1:30 p.m.

You may access electronically filed documents in this case via ECF/PACER web address: http://ecf.mtd.uscourts.gov. They were also emailed to you. Please let me know if you have any questions.

Sincerely,

/s/ Annie Puhrmann
Deputy Clerk
Missoula Division